UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua James Lindsey, | ) | |
| | ) | C/A No.: 5:12-cv-02722-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Officer Rich, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court for review of United States Magistrate Judge Kaymani D. West's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) DSC, and filed on April 26, 2013. Magistrate Judge West recommends that this Court dismiss Plaintiff Joshua James Lindsey's ("Plaintiff") case with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute. ECF No. 48. Even though neither party filed objections to the Report and Recommendation, the Court believes that further discussion of the law is necessary in this case. Ultimately, however, the Court adopts the Magistrate Judge's recommendation.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him,

*Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this claim pursuant to 28 U.S.C. § 1983 on September 18, 2012.[1]  ECF No. 1.  On February 25, 2013, Defendant filed a motion for summary judgment.  ECF No. 24.  The Magistrate Judge entered an order on February 26, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of Defendant's motion and of the need for him to file an adequate response.  ECF No. 25.  After Plaintiff did not respond, the Magistrate Judge issued another order on April 4, 2013 and directed Plaintiff to advise the court of whether he wished to continue with the case.  ECF No. 29.  The order gave Plaintiff clear notice "**that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to prosecute.**"  *Id.* (emphasis added).  Plaintiff did not respond to the order, and the time for response lapsed on April 22, 2013.

## Discussion

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71

---

[1] A prisoner's pleading is deemed filed when it is delivered to prison authorities for mailing to the district court.  *See Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988).  In this case, the filing date reflects the postmark date on the envelope because the prison stamp is not discernible.  ECF No. 1-3.

(1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. "The failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In this case, objections were due by May 16, 2013. Neither party filed any objections to the Magistrate Judge's Report and Recommendation. While the Court agrees with Magistrate Judge West's ultimate recommendation, the Court believes that additional discussion is warranted.

In *Davis v. Williams*, the Fourth Circuit held that a district court should determine whether the harsh sanction of a Rule 41(b) dismissal is appropriate by applying four criteria: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." 588 F.2d 69, 70 (4th Cir. 1978) (internal quotation marks omitted) (citing *McCargo v. Hendrick*, 545 F.2d 393, 396 (4th Cir. 1976)).

In this case, based on the factors outlined in *Davis*, the Court finds that a Rule 41(b) dismissal is appropriate. First, the Court finds that Plaintiff is proceeding *pro se* and is thus personally responsible for any failure to prosecute. Second, the litigation has been ongoing since September 18, 2012, and Defendant will be prejudiced if the Court indefinitely awaits a response from Plaintiff. Third, there is a clear record of Plaintiff deliberately proceeding in a dilatory fashion. On February 16, 2013, Magistrate Judge West sent Plaintiff a *Roseboro* Order and directed him to respond to the Defendant's motion for summary judgment. ECF No. 25. When Plaintiff failed to reply, the Magistrate Judge issued another order on April 4, 2013, and ordered Plaintiff to advise the Court of whether he would like to continue with the case. ECF No. 29. The order also warned Plaintiff that if he did not respond, it would be recommended that the action be dismissed for failure to prosecute. *Id.* Once again, Plaintiff did not respond. The Court then forwarded Plaintiff a copy of Magistrate Judge West's Report and Recommendation. ECF No. 33. In the Report and Recommendation, Plaintiff was advised that he had the right to object. *Id.* However, Plaintiff did not file any objections. Thus, Plaintiff has consistently failed to heed the Court's orders. Finally, in light of the procedural history and Plaintiff's continuing lack of response, there does not appear to be any sanction available to the Court that is less drastic than dismissal of the case with prejudice.

**IT IS THEREFORE ORDERED** that this case is DISMISSED WITH PREJUDICE pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

*G. Ross Anderson, Jr.*
Senior United States District Judge

May  24 , 2013
Anderson, South Carolina